PLAZA v PLAZA

JUDGMENT—MOTION TO AMEND—STATEMENT OF REASONS—COURT
RULES.
> A timely motion to amend a final judgment entitles the moving
> party to be heard on the motion and to have a concise signed
> statement from the trial judge setting out his reasons for
> granting or denying the motion (GCR 1963, 527.7).

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 March 14, 1972, at Detroit.
(Docket No. 11708.) Decided May 1, 1972.

Complaint by Joseph A. Plaza against Petrina
M. Plaza for divorce. Action dismissed. Defendant's
motion to amend the judgment denied. Defendant
appeals. Reversed and remanded.

*D'Avanzo & Danko* (by *Jerry P. D'Avanzo),* for
plaintiff on appeal.

*Sanford N. Lakin, P. C.* (by *Michael D. Abate),*
for defendant..

Before: R. B. BURNS, P. J., and HOLBROOK and
QUINN, JJ.

PER CURIAM. September 25, 1970, judgment en-
tered dismissing plaintiff's complaint for divorce.
The judgment contained the following language:

"It is further ordered and adjudged that all orders

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Judgments § 210.

and injunctions heretofore entered in this cause are cancelled, terminated and dissolved, effective immediately."

However, this language was stricken by pen and ink which appears to be similar to the ink used for the trial judge's signature. October 12, 1970, defendant moved to amend the judgment to include arrearages in support, alimony, and other obligations encompassed by a temporary order dated December 4, 1968. The latter order required plaintiff to pay $75 per week support for children, $15 per week alimony, necessary medical, dental and hospital expense for defendant and three children, and utility payments for the family home, including telephone not to exceed $10 per month. The plaintiff volunteered to pay the arrearage in support and the court so ordered January 29, 1971. The same date, defendant's motion to amend the judgment of September 25, 1970 was denied and she appeals.

We find GCR 1963, 726.1(4) controlling, obviating discussion of the out-of-state authorities relied on by defendant. That rule provides:

"The final judgment in the case shall by its entry vacate all interlocutory orders not yet complied with unless provision is otherwise made in the final judgment."

This would end our discussion except for defendant's timely motion to amend, GCR 1963, 527.5. This action preserved defendant's right to be heard on her motion to amend even though the judgment of September 25, 1970 was a final judgment. The trial judge considered the final judgment as the termination of everything in the case and denied the motion to amend without signing and filing, or dictating to the stenographer, a concise statement

of his reasons therefor as required by GCR 1963, 527.7.

Reversed and remanded for consideration and determination of those items contained in defendant's motion to amend not presently disposed of by orders of the trial court. The order granting or denying amendment shall comply with GCR 1963, 527.7. Defendant may recover costs.